# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3159

_____

Vincent McGraw,                                    *
                                                   *
            Appellant,                             *
                                                   *
      v.                                           *
                                                   *   Appeal from the United States
Marshall Reed, Warden, Cummins                     *   District Court for the Eastern
Unit, Arkansas Department of                       *   District of Arkansas.
Correction; Max Mobley, Deputy                     *
Director, PHP, Arkansas Department                 *
of Correction; Thomas D. Gensler,                  *
Regional Director, Correctional                    *          [UNPUBLISHED]
Medical Services; Larry Norris,                    *
Director, Arkansas Department                      *
of Correction,                                     *
                                                   *
            Appellees.                             *

_____

Submitted:  June 5, 2003
Filed:  August 6, 2003

_____

Before LOKEN, Chief Judge, McMILLIAN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Vincent McGraw appeals the district court's[1] adverse judgment following an evidentiary hearing in this 42 U.S.C. § 1983 action in which McGraw claimed he was subject to retaliatory discipline and deliberate indifference to his serious medical needs. For reversal, McGraw argues that the hearing procedure was inconsistent with his constitutional right to a jury trial and the requirements of the Federal Rules of Civil Procedure.

The pretrial hearing conducted in this case was consistent with our case law. See Johnson v. Bi-State Justice Ctr., 12 F.3d 133, 135-36 (8th Cir. 1993) (approving use of pretrial evidentiary hearing if consistent with plaintiff's right to jury trial; standard is whether evidence presents sufficient disagreement to require submission to jury, or whether evidence is so one-sided that one party must prevail as matter of law). And contrary to McGraw's contentions on appeal, we find that he was adequately apprised, through the magistrate judge's pre-hearing orders, that he risked dismissal of his case if he did not present evidence to make a submissible jury case.

Upon our de novo review of the record, we agree with the district court that McGraw's evidence, viewed most favorably to him, did not support a finding of direct or supervisory liability against any of the named defendants. See Farver v. Schwartz, 255 F.3d 473, 475 (8th Cir. 2001) (per curiam) (actionability of false, retaliatory disciplinary charges under § 1983); Sherrer v. Stephens, 50 F.3d 496, 497 (8th Cir. 1994) (per curiam) (no liability for delay in medical treatment unless defendant ignored acute or escalating situation, or unless delay adversely affected prognosis); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (no supervisory liability under § 1983 absent personal involvement or unless supervisor knew about

---

[1]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

unconstitutional conduct and facilitated, approved, condoned, or turned blind eye to it).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.